Vermont Superior Court
Filed 02/28/24
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-03879

| Bryan Milazzo v. Elaine Rossi |
| --- |

## Clarification of August 14, 2023, Order

Following the resolution of the dismissal motions, the Court recognized in its August 14, 2023, Order that this case must be unsealed as to remaining Defendant Rossi yet remain sealed as to dismissed Defendant Mr. Doe, as required by 12 V.S.A. § 522(b). It explained that the "only way to comply with the statute in a case like this is to keep the filings already sealed under seal, add publicly accessible copies of those filings with appropriate redactions to protect Mr. Doe's identity, and lift the sealing order as to future filings." It then ordered Mr. Doe to "submit copies, under seal, of all current filings in need of redactions to protect his identity with those redactions for the Court's approval." After that, the seal would be lifted as to the redacted filings and all future filings. The Court expressly ordered that the parties in all future filings refer to Mr. Doe as such to protect his identity. Mr. Doe's September 11, 2023, effort at complying with the Court's order has proven highly problematic.

(1) Of most concern, many of the proposed, redacted filings appear to be versions of filings in Mr. Doe's possession that do not match the corresponding filings in the Court's record, which is available to the parties in Odyssey. The official record of this case consists of the filings in the Court's record. Those are the filings that Mr. Doe must

redact. Inconsistent versions in the possession of the parties are not part of the official record of this case.

(2) As Mr. Doe notes in his September 11 filing, nearly *all* filings prior to August 14 need to be redacted, at least to some extent, if for no other reason than because Mr. Doe's name appears in the caption. Despite this, Mr. Doe failed to submit proposed redacted versions of many filings, including *all* Court orders. Any continuing failure to propose redactions following this Order will be treated as a waiver.

(3) The Court observes that, while most of the redactions currently proposed are appropriately limited to concealing information that would identify Mr. Doe, some redactions are far more expansive. In particular, the proposed redactions to the New York and Vermont complaints are impermissibly overbroad. Redactions are intended to reasonably protect Mr. Doe's identity, but in doing so they must not conceal the basic narrative alleged against Ms. Rossi.

Accordingly, within 45 days, Mr. Doe shall redo all proposed redactions according to the following guidelines.

(a) Each and every filing in the Court's record prior to the August 14 Order shall be identified (including by filing date) in a log.

(b) For each item in the log, Mr. Doe shall indicate whether it may be unsealed as is or requires redaction.

(c) For each item requiring redaction, the proposed redacted filing shall be clearly labeled and identified in the log so that the Court may readily refer to it. Redactions must be made to the filed-in-Odyssey version of the filing.

(d)     Redactions shall be limited to protecting Mr. Doe's identity without concealing the allegations against Ms. Rossi.

(e)     The Court reiterates that no party shall identify Mr. Doe in any filings.  Mr. Milazzo appears to have done so in several filings following the Court's August 14 Order. Mr. Doe shall include any such filings in the log with a request to seal and an appropriate proposed redacted filing.  **Any further identification of Mr. Doe in any unsealed filings may warrant significant sanctions.**

So ordered.

Electronically signed on Wednesday, February 28, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge